United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARIO TORRES,<br><br>    Plaintiff,<br><br>v.<br><br>SIMONE VOLTZ, et al.,<br><br>    Defendants. | Case No. 19-cv-03874-LB<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: ECF No. 1 |

## INTRODUCTION

The plaintiff, Mario Torres, who is representing himself, filed a civil-rights complaint under 42 U.S.C. § 1983, claiming that Simone Voltz, a Supervising Deputy Clerk at the California Supreme Court, the California Supreme Court Office of the Clerk, and "Staff of 'The Court'" John Does 1–10 and Jane Does 1–10, individually and in their official capacities, denied his right of "Access to Courts" under the First Amendment and his Due Process rights under the Fifth and Fourteenth Amendments when they failed to file his legal documents and thereby hindered his efforts to pursue his legal claims.[1] The plaintiff seeks a declaration that the defendants violated his constitutional rights, compensatory and punitive damages "in the amount deemed just by a jury,"

---

[1] Compl. – ECF No. 1 at 1–2 (¶¶ 1, 4–7), 6–7 (¶¶ 47–56). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 19-cv-03874-LB

nominal damages "in the amount deemed just by this court," attorney's fees and costs, and "any other just and equitable relief that this Court deems just."[2]

The court previously granted Mr. Torres's motion to proceed *in forma pauperis*.[3] The plaintiff consented to magistrate jurisdiction.[4] Before directing the United States Marshal to serve the defendants with Mr. Torres's complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The court dismisses the complaint with leave to amend on the grounds that claims against all defendants are barred by the Eleventh Amendment and Ms. Voltz and court staff John Does 1–10 and Jane Does 1–10 have quasi-judicial immunity.

## STATEMENT

On January 3, 2019, Mr. Torres "filed a State Bar complaint against many lawyers for unlawful acts occurring from 4-3-19 to 1-3-19."[5] The State Bar denied the plaintiff's request for an investigation on January 30, 2019 because the facts presented stemmed from complaints filed by the plaintiff in 2015 and 2016.[6]

Around March 24, 2019, while the plaintiff was incarcerated in the Contra Costa County Jail, the plaintiff filed a "Verified Accusation" with the California Supreme Court under the prison mailbox rule.[7] In the accusation, the plaintiff "informed the court of his indigent status and the fact that plaintiff did not have a law library available, nor any of the required legal resources."[8] On April 2, 2019, Jorge E. Navarrete, the Clerk and Executive Officer of the California Supreme Court, returned the plaintiff's accusation, explaining that it could not be processed "because the court must have a copy of the *final* letter from the State Bar directing [the plaintiff] to seek review

---

[2] *Id.* at 7–8 (¶¶ A–F).
[3] Order – ECF No. 4.
[4] Consent – ECF No. 5.
[5] Compl. – ECF No. 1 at 2 (¶ 9).
[6] *Id.* (¶ 10).
[7] *Id.* at 3 (¶ 11), 14.
[8] *Id.* at 3 (¶ 11).

by the Supreme Court."[9] The plaintiff had two cases on file with the State Bar.[10] "[C]ase number 15-28764 was closed in 2016. Case number 19-12029 is still pending with the State Bar and no final letter has issued yet."[11]

On May 14, 2019, the plaintiff tried to file an accusation in person at the California Supreme Court to dispute the State Bar's "previous ruling."[12] "A clerk of court again refused to file" it, gave the plaintiff a coversheet and a declaration form, and instructed the plaintiff to file an "Application for Relief from Default" and inform the court of his indigent status.[13] Around June 12, 2019, the plaintiff mailed his accusation to the California Supreme Court, which included the coversheet, declaration, "Application for Relief from Default," and "Notification of Indigency," and incorporated all of the corrections that the clerk of the court told him to make.[14]

Around June 17, 2019, Simone Voltz called the plaintiff.[15] The plaintiff believed that Ms. Voltz "was doing some sort of personal investigation on whether Plaintiff[']s 'Verified Accusation' had merit."[16] She questioned him "profusely" and seemed "agitated" about his accusation.[17] Ms. Voltz assured the plaintiff "many times during the conversation" that his accusation would be filed.[18]

On June 20, 2019, Mr. Navarrete again returned the plaintiff's accusation.[19] His cover letter said the following:

---

[9] *Id.* at 15 (emphasis in the original).
[10] *Id.*
[11] *Id.*
[12] *Id.* at 3 (¶ 13), 14.
[13] *Id* at 3 (¶ 14).
[14] *Id.* at 3 (¶ 15), 11–13.
[15] *Id.* at 3 (¶ 16).
[16] *Id.*
[17] *Id.* (¶¶ 16–17).
[18] *Id.* (¶ 17).
[19] *Id.* at 4 (¶ 18); Letter – *id.* at 10.

> The court has instructed me to return your documents to you unfiled. In the State Bar's April 8, 2016, final letter to you in 15-28764, you were informed that if you choose to file an accusation that you must do so within 60 days of that letter[;] over 1000 days have elapsed. As for case 19-12029. . . that case is still open and [] no final letter has issued. Upon your receipt of the State Bar's final letter in 19-12029, if you decide to file an accusation[,] please ensure to comply with the court's requirements by providing an original and ten copies in proper form, together with proof of service of three copies on the General Counsel, State Bar of California, 180 Howard Street, San Francisco, CA 94105, and one copy on the State Bar Court, 845 South Figueroa Street, Los Angeles, CA 90017. Although there is no form approved by the Judicial Council, your accusation (1) must be verified (Bus. & Prof. Code, § 6108) and (2) must conform as closely as possible to rule 8.204 of the California Rules of Court regarding briefs.[20]

Around June 28, 2018, the plaintiff went to the California Supreme Court and asked Celia Rivera, a clerk at the California Supreme Court, for a form "for the filing of a complaint against the clerks of the court."[21] He told her that the clerks of the court were refusing to file his documents.[22] Ms. Rivera told the plaintiff that "there was no process in place to file a complaint against the clerks of the California Supreme Court, leaving this civil action as [the plaintiff's] only remedy."[23] She checked the court's computer, found the plaintiff's documents, printed them, took them to a back cubicle, and returned a few minutes later.[24] She explained to the plaintiff why his "Verified Accusation" had no merit.[25] The plaintiff told Ms. Rivera that "only a judge has the right to decide whether or no[t], Plaintiff[']s motions have merit."[26] He also told Ms. Rivera that the State Bar "was in error for refusing to competently acknowledge [his] complaint by using case [numbers] from 2015 &[] 2016 even though plaintiff[']s latest complaint referenced unlawful lawyer acts that occurred well into 2018."[27] The plaintiff and Ms. Rivera discussed *Voit v.*

---

[20] *Id.* at 10.
[21] *Id.* at 4 (¶ 19).
[22] *Id.*
[23] *Id.* (¶ 20).
[24] *Id.* (¶¶ 21-23).
[25] *Id.* (¶ 23).
[26] *Id.* (¶ 24).
[27] *Id.*

ORDER – No. 19-cv-03874-LB        4

*Superior Court of Santa Clara County*.[28] Ms. Rivera told the plaintiff that because *Voit* is a Superior Court case, it "doesn't apply to the California Supreme Court."[29] The plaintiff said that the "principles are the same" and that he had a "right to the 'Access to Courts,' [g]uaranteed by the First Amendment of the U.S. Constitution" and Article 1, Section 3 of the California Constitution.[30] He told Ms. Rivera that he intended to file a lawsuit for denial of his "'Access of Courts.'"[31]

Ms. Rivera asked whether the plaintiff would like to speak to a supervisor.[32] The plaintiff said yes, and Ms. Rivera returned with her supervisor, Ms. Voltz.[33] The plaintiff asked why his accusation was not being filed, and Ms. Voltz replied that "'The Court' had instructed her not to [file it]."[34] The plaintiff said that only a judge had the authority to decide whether his filings had merit, and Ms. Voltz said that "she was aware of the fact."[35] When pressed about whether a judge or a clerk instructed her not to file his accusation, Ms. Voltz repeated that "'The Court'" instructed her not to file it.[36] The plaintiff asked Ms. Voltz "'who is The Court,'" and she replied, "'The Court. . . is The Court.'"[37] The plaintiff said that he had a right of access to the court under the First Amendment.[38] Ms. Voltz said that the plaintiff "did not have a right to the 'Access to Court,' if 'The Court' decided that he did not."[39] This exchange about who asked Ms. Voltz not to file the

---

[28] *Id.* (¶ 25).
[29] *Id.* (¶ 26).
[30] *Id.*
[31] *Id.* at 5 (¶ 27).
[32] *Id.* (¶ 28).
[33] *Id.* (¶ 29).
[34] *Id.* (¶¶ 32–33).
[35] *Id.* (¶¶ 34–35).
[36] *Id.* (¶¶ 36–39).
[37] *Id.* (¶¶ 40–41).
[38] *Id.* (¶ 42).
[39] *Id.* (¶ 43).

plaintiff's documents "recycle[d] about four times."[40] Throughout this conversation, the plaintiff felt that Ms. Voltz "continued to act maliciously and with deliberate indifference[,] continuing to 'play with words' stating 'The Courts' had instructed her not to file Plaintiff[']s legal documents."[41] The plaintiff then left, "promising to file suit."[42]

## STANDARD OF REVIEW

A complaint filed by any person proceeding *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an *in forma pauperis* complaint make and rule on its own motion to dismiss before directing the United States Marshal to serve the complaint pursuant to Federal Rule of Civil Procedure 4(c)(3). *Lopez*, 203 F.3d at 1127. The Ninth Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As the Supreme Court has explained, "[the *in forma pauperis* statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

Under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

---

[40] *Id.* at 6 (¶ 46).
[41] *Id.* at 5 (¶ 45).
[42] *Id.* at 6 (¶ 46).

ORDER – No. 19-cv-03874-LB      6

1  claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitle[ment] to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555.

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Courts liberally construe a complaint filed by a party who is representing himself. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (internal quotations omitted).

## ANALYSIS

Mr. Torres's complaint fails to state a claim against Ms. Voltz, the California Supreme Court Office of the Clerk, John Does 1–10, and Jane Does 1–10. First, the Eleventh Amendment bars Mr. Torres's claims against all defendants. Second, Ms. Voltz and the Doe defendants have quasi-judicial immunity.

### 1. The Eleventh Amendment

Mr. Torres brings federal constitutional claims under the First, Fifth, and Fourteenth Amendments against all defendants.[43] The Eleventh Amendment bars these claims.

The Eleventh Amendment bars a lawsuit against a state or its agencies absent the state's consent or abrogation of immunity by Congress. *Papasan v. Allain*, 478 U.S. 265, 276–77 (1986). Section 1983 did not abrogate the Eleventh Amendment immunity of the states. *Quernn v. Jordan*, 440 U.S. 332, 341 (1979). California has not waived its immunity for section 1983 claims. *Dittman v. California,* 191 F.3d 1020, 1025–1026 (9th Cir. 1999).

The California Supreme Court Office of the Clerk is functionally the California Supreme Court for purposes of an Eleventh Amendment analysis. *Cf. Marchetti v. Super. Ct. of Cal.*, No. 15-cv-05523-WHO, 2016 WL 4658959, at *1, *7 (N.D. Cal. Sept. 7, 2016) (treating the Superior Court of California and the Office of the Clerk of the Superior Court together as the "Superior Court" when analyzing immunity under the Eleventh Amendment). The Eleventh Amendment bars claims against the California Supreme Court. *Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (state courts, as "arms of the state," are immune from suit under the Eleventh Amendment). The Office of the Clerk thus is immune from claims under section 1983.

The Eleventh Amendment also bars claims against state officials sued in their official capacities. *Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir. 1995). This is because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Marchetti*, 2016 WL 4658959, at *7 (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)) (internal quotations omitted). "'Since the Supreme Court's decision in *Ex parte Young* . . . [,] courts have recognized an exception to the Eleventh Amendment bar for suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities.'" *Wilbur v. Locke*, 423 F.3d 1101, 1111 (2005), *abrogated on other grounds by Levin v. Commerce Energy, Inc.,* 560 U.S. 413 (2010) (quoting *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir.

---

[43] *Id.* at 6–7 (¶¶ 47–56).

2000)). Claims for prospective relief seek to end a "continuing violation of federal law." *Green v. Mansour*, 474 U.S. 64, 68 (1985). In contrast, retrospective relief involves "compensatory or deterrence interests." *Id*.

Here, Mr. Torres seeks declaratory relief and damages and does not ask for injunctive relief. To the extent that Mr. Torres sues for anything other than prospective relief, the Eleventh Amendment bars his section 1983 claim against Ms. Voltz and the Doe defendants.

### 2. Quasi-Judicial Immunity

"Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process" unless a clerk acts "in the clear absence of all jurisdiction." *Mullis v. United States Bankr. Ct., Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987). Quasi-judicial immunity extends "to court clerks and other non-judicial officers for purely administrative acts — acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function." *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002).

Clerks have quasi-judicial immunity for refusing to file court papers. *See Mullis*, 828 F.2d at 1390 (clerks who refused to accept an amended petition "had quasi-judicial immunity and did not act in the clear absence of all jurisdiction."); *McCray v. Rodriguez*, No. C 06-4805 CRB (PR), 2006 WL 2432834, at *1 (N.D. Cal. Aug. 18, 2006) (a state court clerk who returned pleadings to a plaintiff on the ground that they "did not comply with a local rule or procedure" was entitled to quasi-judicial immunity because his action was "functionally comparable to a judge's determination as to whether a litigant has complied with local rules and procedures."); *In re Harris*, No. C-94-0243-VRW, 1995 WL 390625, at *3 (N.D. Cal. June 19, 1995) (a county clerk who refused to file a petition for a writ of habeas corpus had quasi-judicial immunity). This is because the filing of a complaint or other document to commence an action in court is "a basic and integral part of the judicial process." *Mullis*, 828 F.2d at 1390. Ms. Voltz and the Doe defendants are therefore entitled to quasi-judicial immunity for refusing to file the plaintiff's accusation.

Judicial immunity under section 1983 bars suits for monetary damages and suits for injunctive relief. *Marchetti*, 2016 WL 4658959, at *8 (citing 42 U.S.C. § 1983). It has been "'extended . . . to include . . . declaratory relief arising from judicial acts performed in a judicial capacity.'" *Hill v. Ponner*, No. 1:18-cv-01471-DAD-SKO, 2019 WL 1643235, at *3 (E.D. Cal., Apr. 16, 2019) (citing *Boutros v. Tan*, No. 2:13–cv–1306–MCE–CMK, 2013 WL 12073446, at *4 (E.D. Cal. Sept. 6, 2013) and *Craig v. Villicana*, 676 Fed. Appx. 716 (9th Cir. 2017) (holding that judicial immunity extends to declaratory and other equitable relief)). While courts have recognized a narrow exception to judicial immunity for declaratory relief, this exception only applies to prospective declaratory relief. *Id*. The plaintiff's request for declaratory relief, which addresses a past violation of his rights, does not fall within this exception.[44] *Cf. id*. at *4 (finding that "[d]eclaratory relief regarding a judge's previous actions is retrospective in nature, and thus, does not provide an exception to the general rule of judicial immunity.") Because Ms. Voltz and the Doe defendants have quasi-judicial immunity, they cannot be held liable for the monetary damages or the declaratory relief that the plaintiff requests in his complaint.

## CONCLUSION

The court dismisses the complaint with leave to amend. Mr. Torres may file an amended complaint by August 15, 2019. He may also dismiss the case voluntarily by filing a one-page notice of voluntary dismissal, which will operate as a dismissal without prejudice. If he does not file an amended complaint by August 15, 2019, the court will close the case without prejudice to his timely refiling it if he is able to fix the defects in the complaint.

**IT IS SO ORDERED.**

Dated: July 25, 2019

LAUREL BEELER
United States Magistrate Judge

---

[44] *Id.* at 7.